Filed 8/27/15  P. v. Allen CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062968 |
| v. | (Super.Ct.No. FVI1300085) |
| LJ ALLEN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Eric M. Nakata, Judge.  Affirmed as modified.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On October 29, 2014, defendant and appellant LJ Allen was charged by information with second degree robbery (Pen. Code, § 211, count 1).[1] The information also alleged that defendant had suffered seven prior prison terms. (§ 667.5, subd. (b).) The information was later amended by interlineation to allege an added count of assault by means likely to cause great bodily injury (§ 245, subd. (a)(4), count 3).[2] Pursuant to a plea agreement, defendant pled no contest to count 3, in exchange for a three-year state prison term. The parties stipulated that the preliminary hearing transcripts, police reports, and defendant's rap sheet provided a factual basis for the plea. Defendant was sentenced immediately. In accordance with the plea agreement, the court sentenced him to three years in state prison and awarded 832 days of presentence custody credits.

Defendant filed a timely notice of appeal on February 23, 2015. He then filed an amended notice, challenging the validity of the plea, and requesting a certificate of probable cause, based on a claim that his trial counsel told him that assault by means likely to cause great bodily injury was not a strike conviction; he also claimed he did not have any prison priors. The court denied his request for a certificate of probable cause.

We now direct the trial court to dismiss count 1 and the seven prior prison allegations. In all other respects, we affirm the judgment.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

[2] Count 3 is referred to as count 2 on the actual plea agreement. The computer would not allow the addition of count 2 for defendant due to a codefendant having a count 2 already.

PROCEDURAL BACKGROUND

Defendant was charged with, and pled no contest to, assault by means likely to cause great bodily injury.  (§ 245, subd. (a)(4).)

ANALYSIS

Defendant appealed, and upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case and several potential arguable issues:  (1) whether the crime defendant pled no contest to (§ 245, subd. (a)(4)) was a strike prior; (2) whether defendant was given the full and proper advisements and waivers prior to the entry of his plea; (3) whether his plea was made knowingly, intelligently, and voluntarily; (4) whether he was advised of the direct consequences of his plea; (5) whether there was a sufficient factual basis for the plea; (6) whether the court sentenced him in accordance with the plea agreement; and (7) whether he was effectively represented during the trial court proceedings.  Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

Although not raised by the parties, we note a few apparent clerical errors. Generally, a clerical error is one inadvertently made.  (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.)  Clerical error can be made by a clerk, by counsel, or by the court itself.  (*Ibid.* [judge misspoke].)  A court "has the inherent power to correct clerical errors

3

in its records so as to make these records reflect the true facts." (*In re Candelario* (1970) 3 Cal.3d 702, 705.)

In this case, the court neglected to dismiss count 1 and the seven prior prison allegations. The plea agreement stated that defendant would plead guilty to assault by means likely to cause great bodily injury, in exchange for a three-year term in state prison. There was no mention of the dismissal of count 1 or the priors in the plea agreement. Defendant pled no contest on January 16, 2015. The court did not dismiss count 1 or the priors. Nonetheless, the minute order states that the court ordered count 1 and the prison priors dismissed, on motion of the People. Neither party mentioned the court's failure to dismiss count 1 or the priors below or on appeal. There is no reference to count 1 or the prior allegations in the abstract of judgment. Thus, the record indicates that the parties intended the prior prison allegations and count 1 to be dismissed. It is evident the court's failure to order the dismissals was inadvertent. Accordingly, in the interest of clarity, we will direct the trial court to dismiss count 1 and the prior prison allegations.

## DISPOSITION

The trial court is directed to order the dismissal of count 1 and the seven prior prison allegations.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

Acting P. J.

We concur:

MILLER

J.

CODRINGTON

J

5